The STATE, use of MARY TEMPLE in her own right and as assignee of THOMAS TEMPLE *vs.* ELISHA HUXLEY.

The interest of an heir at law in intestate lands cannot be attached so as to prevent an assignment.
By assignment in the Orphans' Court, all liens created by an heir at law are removed.
The heir's interest is changed into personalty, and secured by the recognizance.
*Quere.* Whether the heir's interest in the recognizance may not be attached?

THIS was a scire facias on the recognizance of Elisha Huxley in the Orphans' Court, dated 7th of September, 1842, on the purchase of intestate lands, conditioned to pay to the parties entitled their respective shares of $959 96, the amount of the sales of the intestate lands of Alice Pennock, deceased, after deducting costs, &c. The plaintiff was entitled to one-sixth in her own right; and claimed another sixth as assignee of Thomas Temple, as to which share the defendant pleaded, that on the 7th of August A. D., 1841, a writ of

foreign attachment issued out of the Superior Court at the suit of Hannah Wilkenson against Thomas Temple, under which all the right, title, and interest of said Thomas Temple, of and to the said lands and tenements mentioned in said recognizance, were, on the said 7th of August, 1841, taken and attached, and such proceedings were afterwards had, that the said Hannah Wilkenson, at the May term, 1842, recovered judgment in said attachment against the said Thomas Temple, for the sum of $264 46, with costs, &c., &c. This plea was demurred to; and the plaintiff took a verdict for $381 28, on the other pleas, subject to the opinion of the court on the demurrer.

*Per Curiam.*—We consider that the plea interposes no objection to the recovery of the whole amount for which the jury have found their verdict.

The act of assembly declares that the acceptor or assignee of intestate lands shall take, by force of the assignment in the Orphans' Court, all the title which the intestate had at the time of his death, and shall hold the same paramount to all incumbrances created by any heir of the intestate, or by any person claiming under him: therefore, if Thomas Temple had even confessed a judgment in this court, prior to the assignment in the Orphans' Court, the purchaser or assignee under the Orphans' Court, would take all the title of the intestate without reference to such lien.

This is the case of an attachment laid upon the land, and not upon the recognizance. Whether the share of a party under the recognizance might not be attached in the hands of the recognizor; or whether the creditor would have any remedy in a court of equity, are not questions now before the court. The attachment was laid, in this case, before the assignment of the land in the Orphans' Court; but on this assignment the entire interest of Thomas Temple in the land was divested; all liens created by him, or acquired by others on his interest in the land were removed; and that interest was changed into money and secured by the recognizance.

Demurrer overruled.

*Wales*, for plaintiff.
*Gilpin*, for defendant.